**Affirmed and Memorandum Opinion filed May 4, 2021.**



In The

# Fourteenth Court of Appeals

### NO. 14-19-01001-CV

### JOHN TAYLOR AND PENNELOPIA TAYLOR, Appellants

### V.

### ANDREW MISSICK AND BONNALYN MISSICK, Appellees

**On Appeal from the County Court at Law No. 2 & Probate Court**
**Brazoria County, Texas**
**Trial Court Cause No. CI60447**

## M E M O R A N D U M   O P I N I O N

In this appeal of a forcible-detainer action following a nonjury trial, appellants John and Pennelopia Taylor challenge the judgment in favor of the property owners, appellees Andrew and Bonnalyn Missick,[1] on the grounds that the evidence is legally insufficient and that the trial court erred in admitting an affidavit over their hearsay

---

[1] In the deed and in documents prepared by Andrew Missick, Bonnalyn's name instead appears as Donnalyn.

objection. Because the evidence, even in the absence of the challenged affidavit, is legally sufficient to support the judgment, we affirm.

## I. BACKGROUND

The Taylors allegedly had an agreement to purchase the home in which they resided from its owner, Melanie Parks; however, Parks's lender foreclosed on the home, and it was purchased by "HSBC Bank USA, National Association as Trustee for Nomura Asset Acceptance Corporation, Alternative Loan Trust, Series 2007-1, Mortgage Pass-Through Certificates, Series 2007." HSBC brought a forcible-detainer action to evict Parks, the Taylors, and any other occupant of the home, and prevailed in the justice court, the county court at law, and this Court. *See Parks v. HSBC Bank USA, Nat'l Ass'n*, No. 14-18-00982-CV, 2020 WL 1025656 (Tex. App.—Houston [14th Dist.] Mar. 3, 2020, no pet.).

While that appeal was pending, however, HSBC sold the property to the Missicks, who then began their own forcible-detainer proceedings. The Missicks prevailed in nonjury trials in the justice court and the county court at law, and the Taylors now appeal that judgment.

## II. LEGAL SUFFICIENCY

If, as here, no findings of fact or conclusions of law were requested or issued after a nonjury trial, then all findings necessary to support the judgment are implied. *Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 480 (Tex. 2017). If a reporter's record is filed on appeal, then implied findings may be challenged for legal sufficiency in the same manner as express findings by a judge or jury. *See id.* When a finding is challenged for legal sufficiency, we review the evidence in the light most favorable to the finding and indulge every reasonable inference that would support it. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). We credit favorable

evidence if a reasonable factfinder could, and disregard contrary evidence unless a reasonable factfinder could not. *Id*. at 827. The evidence is legally sufficient if it would enable reasonable and fair-minded people to reach the verdict under review. *Id*. Under any standard of review, the factfinder is the sole judge of the witnesses' credibility and the weight to be given to their testimony. *N. E. Indep. Sch. Dist. v. Riou*, 598 S.W.3d 243, 255 n.50 (Tex. 2020). Thus, less evidence is needed to affirm than to reverse a judgment. *Yeng v. Zou*, 407 S.W.3d 485, 489 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

In the dispositive issue on appeal, the Taylors challenge the legal sufficiency of the evidence to support the trial court's implied finding that the Missicks caused a demand to vacate to be personally delivered to the Taylors at least three days before the Missicks filed this forcible-detainer action. To place this issue in context, it must be remembered that tenants by sufferance, such as the Taylors, commit a forcible detainer by failing to surrender possession of real property on demand. *See* TEX. PROP. CODE ANN. § 24.002(a)(2). The demand must be made in writing by a person entitled to possession. *Id.* § 24.002(b). Tenants by sufferance are entitled to three days' written notice before a forcible-detainer suit is filed. *Id.* § 24.005(b). Notice may be given in several ways, including by personal delivery to the tenant or to any other resident who is at least sixteen years old. *Id.* § 24.005(f).

Andrew Missick testified that he drafted the notice to vacate, an authenticated copy of which was admitted into evidence. He further testified—without objection—that the Taylors were served with the notice by a private process-service company he hired. Andrew stated that he knew this based on the process server's affidavit. Over the Taylors' hearsay objection, the process server's affidavit attesting to the service was admitted into evidence. The Taylors, however, testified that they were never served with the notice.

Although the Taylors' remaining appellate issues challenge the admission into evidence of the process server's affidavit, it is unnecessary to reach those issues because even if the trial court erred in admitting the affidavit, Andrew Missick's testimony is itself legally sufficient to support the trial court's implied finding that the notice Andrew drafted was personally delivered to the Taylors. Although the Taylors denied this, the trial court, as the factfinder, is the sole judge of the witnesses' credibility and the weight to be given their testimony, and we may not interfere with its resolution of conflicts in the evidence. *See Johnson v. Nat'l Oilwell Varco, LP*, 574 S.W.3d 1, 13 (Tex. App.—Houston [14th Dist.] 2018, no pet.).

We overrule the Taylors' first issue and sustain the trial court's judgment without reaching their remaining issues.


/s/    Tracy Christopher
Chief Justice


Panel consists of Chief Justice Christopher and Justices Wise and Hassan.